**UNITED STATES of America**

v.

**AGRI–MARK, INC., Agway, Inc., and H.P. Hood, Inc.**

Civ. A. No. 5:80CV174.

United States District Court, D. Vermont.

July 6, 1994.

Michael Harmonis, U.S. Dept. of Justice, Washington, DC, Christopher Baril, Asst. U.S. Atty., Rutland, VT, for plaintiff.

Ira H. Raphaelson, J. Mark Gidley, Shaw, Pittman, Potts & Trowbridge, Washington, DC, Thomas Zoney, Carroll, George & Pratt, Rutland, VT, for defendants.

## OPINION AND ORDER

BILLINGS, District Judge.

This matter returns to the Court upon defendants' request for notice and comment on their motion for termination (originally filed on December 20, 1993) of a 1981 consent decree. The government opposes the request, and renews its opposition to termination of the Decree. The Court deferred judgment on the request for notice and comment, scheduling instead oral argument on defendants' motion for termination of the Consent Decree. Argument was heard on Thursday, June 23, 1994.

### Background

Defendants are Agri–Mark, Inc. ("Agri–Mark"), a dairy farmer marketing cooperative in New England; H.P. Hood Inc. ("Hood"), a New England dairy; and Agway, Inc. ("Agway"), an agricultural supply cooperative and Hood's corporate parent. Vertical integration among defendants caused the government in 1980 to file a complaint charging violations of Sections 3 and 7 of the Clayton Act, 15 U.S.C. §§ 14 and 18. Defendants thereupon entered into an agreement with the government, the 1981 Consent Decree, which was designed to forestall anticompetitive effects of the merger.[1]

In 1991 Agri–Mark completed a full divestiture of Hood's fixed assets, "unwinding" the merger though leaving Agri–Mark as a secured creditor. In December of 1993 defendants moved the Court for termination or, alternatively, for modification of the Consent Decree in order to arrange certain financial restructuring which would preserve Hood's viability. Over the government's objection and after hearing, the Court modified Section VI(A) of the Decree in its Opinion and Order of January 21, 1994. Defendants now renew their motion for complete termination of the 1981 Consent Decree, which the government continues to oppose.

### Discussion

The Court, in its Opinion and Order of January 21st, determined that the legal standard applicable to the modification of consent decrees is the "flexible" one articulated in *Rufo v. Inmates of Suffolk County Jail,* —— U.S. ——, 112 S.Ct. 748, 116 L.Ed.2d 867 (1992). *Accord, United States v. Eastman Kodak Company,* 853 F.Supp. 1454 (W.D.N.Y.1994); *Protectoseal Co. v. Barancik,* 23 F.3d 1184 (7th Cir.1994); and *United States v. Western Elec. Co.,* 154 F.R.D. 1 (D.D.C.1994). The flexible standard, as stated in our prior Order, is one that takes into account either changed circumstances or substantial attainment of a decree's objective. The Court finds that it also applies to the termination of consent decrees. *See Kodak,* 853 F.Supp. at 1463 (the *Rufo* standard allows courts to modify decrees to fit changes in market conditions or to terminate decrees that would be inequitable to apply in light of changed circumstances).

Applying the standard to the facts of this case, the Court finds changed circumstances sufficient to warrant termination of the 1981 Consent Decree in its entirety. First, and as we noted in our Opinion and Order of January 21, the change most significant to the Court is Agri–Mark's divestiture of Hood in 1991. This divestiture eliminates the vertical integration, which was the threat to competition that led the government to charge defendants with violating Section 7 of the Clayton Act, 15 U.S.C. § 18. The merger now unwound, Section 7 no longer provides any basis for the continuance of the Consent Decree. *Accord, United States v. American Cyanamid Co.,* 598 F.Supp. 1516 (S.D.N.Y. 1984).

The government argues, however, that even after divestiture, the Decree remains

---

1. Additional background to the present proceedings may be found in the Court's Order of January 21, 1994, *United States v. Agri–Mark, Inc.,* 1994–1 Trade Cas. (CCH) P 70,512, 1994 WL 88979 (D.Vt.1994), in which the Court modified Section VI(A) of the 1981 consent decree.

For the 1981 consent decree itself, *see United States v. Agri–Mark, Inc.,* 1981–1 Trade Cas. (CCH) P 63,967, 1981 WL 2057 (D.Vt. April 1, 1981).

necessary to prevent harm to competition that could come from exclusive-dealing contracts between Agri–Mark and Hood. These Section 3 concerns are not supported by the evidentiary record. Specifically, there are no multi-year or exclusive contracts between Hood and Agri–Mark.[2] Further, the other changes in the marketplace which the Court noticed in the January 21 Order remain. These include a geographically expanded milkshed, a reduction in Agri–Mark's market share, and a decline in Agri–Mark's membership.[3] The Court finds that these changed circumstances eliminate the Section 3 concerns as presently embodied in the 1981 Consent Decree.

For the reasons herein stated, the 1981 Consent Decree is no longer warranted. Consequently, the Court hereby ORDERS it terminated.

SO ORDERED.

2. In its Memorandum in Opposition to Defendants' Request for Notice and Comment, April 19, 1994, the government argues the need for continuation of the consent decree in order "to prevent ... harm from Agri–Mark's proposed exclusive dealing contracts with Hood[.]" Memorandum at 1. Defendants respond that not only are such contracts not "proposed," but also that they are increasingly unlikely in light of Hood's attempts to refinance its debt with an Agri–Mark

competitor. Defendants' Reply in Support of Their Motion for Posting for Notice and Comment on Termination of Consent Decree at 4.

3. See Opinion and Order of January 21, 1994 at n. 3 and n. 4., and see Affidavits of Paul P. Johnston, Sue M. Taylor, and Robert L. Keller, Defendants' Memorandum in Support of Motion for Immediate Termination, December 20, 1993.